**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **DALE STEVENS,** | |
|        **Plaintiff,** | |
| **vs.** | |
| **CLARK A. McCLELLAN,** | **REPORT AND RECOMMENDATION** |
|        **Defendant.** | |
| | **Case No.  2:06-cv-00215-TC-PMW** |
| **CLARK A. McCLELLAN** | |
|        **Counterclaim Plaintiff,** | **Judge Tena Campbell** |
| **vs.** | **Magistrate Judge Paul M. Warner** |
| **DALE STEVENS; ORDER OF THE WHITE LIGHT, a Utah Corporation dba WESTERN ARBITRATION COUNCIL; WAMPANOAG NATION, TRIBE OF GRAYHEAD, WOLF BAND, an unincorporated association-in-fact; and JOHN DOES to be named later,** | |
|        **Counterclaim Defendants.** | |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Tena

Campbell pursuant to 28 U.S.C. § 636(b)(1)(B).  Before the court are:  (1) Defendant Clark A.

McClellan's ("Defendant") motion to dismiss Plaintiff Dale Stevens's ("Plaintiff") complaint for lack of subject matter jurisdiction,[1] *see* Fed. R. Civ. P. 12(b)(1); (2) Plaintiff's motion for default judgment; and (3) Plaintiff's motion to strike Defendant's answer and counterclaims.  The court has carefully reviewed the memoranda submitted by the parties.  Pursuant to Utah local rule 7-1(f), the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

At all times relevant to this case, Defendant was an attorney for the city of Vernal, Utah.  According to documents in the pleadings, Plaintiff claims to be the chief of the Tribe of Grayhead, Wolf Band, in the Wampanoag Nation.  Plaintiff's complaint alleges that Defendant failed to "answer" to, "respond" to, or "obey" either a "[n]otary protest" or an "[a]rbitration proceeding" with Plaintiff.  In his complaint, Plaintiff contends that he and Defendant entered into a written agreement on February 18, 2004.  Plaintiff has not provided any detail concerning this agreement, but the arbitration award attached to his complaint indicates that the agreement was reached by way of Defendant's "implied offer to contract," Defendant's failure to respond to a "Private Settlement Offer," and three subsequent notices Plaintiff served on Defendant.  In essence, the arbitration award indicates that through Defendant's "silence, nonperformance[,] and

---

[1] Even if Defendant had not filed a motion to dismiss for lack of subject matter jurisdiction, this court would have raised that issue on its own motion.  *See* Fed. R. Civ. P. 12(h)(3); *Ramey Constr. Co. v. Apache Tribe of Mescalero Reservation*, 673 F.2d 315, 318 (10th Cir. 1982) ("So long as a case is pending, the issue of federal court jurisdiction may be raised at any stage of the proceedings either by the parties or by the court on its own motion.").  Accordingly, this court addresses the issue without having received either Plaintiff's opposition to Defendant's motion or Defendant's reply to any such opposition.

non[]response" to Plaintiff's offer and subsequent notices, Defendant somehow agreed to participate in the arbitration proceeding, to pay the fees for that proceeding, to "waive all rights to a trial before a judge or jury," and to the terms of the arbitration award. Plaintiff asserts that Defendant's failure to pay the arbitration award has caused him financial difficulty. In addition, Plaintiff claims that because of unspecified "illegal activities," his civil rights have been violated. Based on these allegations, Plaintiff claims that he is entitled to a default judgment against Defendant in the amount of the arbitration award, plus court costs.

### I. Defendant's Motion to Dismiss and Plaintiff's Motion for Default Judgment

In his jurisdictional allegations, Plaintiff admits that he and Defendant both live in Utah and that all of the acts forming the basis for his complaint occurred in Utah. However, he asserts that this court has jurisdiction pursuant to 28 U.S.C. § 1343, as well as 42 U.S.C. §§ 1983, 1985, and 1986.[2] Plaintiff also maintains that this court has jurisdiction under several provisions of the Utah Code. *See* Utah Code Ann. §§ 70A-3-505 (governing evidence of dishonor of negotiable instruments), 78-31a-107 (governing validity of agreements to arbitrate), 78-31a-110 (providing requirements for initiation of arbitration proceedings), 78-31a-124 (providing requirements for vacating awards made in arbitration proceedings).

---

[2] Instead of citing 42 U.S.C. § 1983, Plaintiff actually cites 42 U.S.C. § 1938, a section that does not exist in the United States Code. However, given that he also cited 42 U.S.C. §§ 1985 and 1986, this court liberally construes his complaint and assumes that he intended to cite § 1983. Plaintiff also cites "[r]ule 63(b)" in his jurisdictional allegations, but does not provide the court with any indication of the rule set in which this rule is contained, and this court is unable to find any "[r]ule 63(b)" that would be relevant in this case.

Contrary to these claims, however, this court does not have jurisdiction over Plaintiff's complaint.  As an initial matter, this court notes that because both parties live in the State of Utah, the requirements for diversity jurisdiction under 28 U.S.C. § 1332 are not satisfied in this case.  This notwithstanding, Plaintiff asserts that this court has jurisdiction pursuant to 28 U.S.C. § 1343, which provides this court with original jurisdiction over any civil action authorized by law, including civil rights actions.  However, even assuming that every allegation in Plaintiff's complaint is true, he has not alleged facts that would support a claim for relief under 42 U.S.C. §§ 1983, 1985, and 1986.  Although Plaintiff's complaint does allege that his civil rights were violated as a result of unspecified "illegal activities," the remainder of the complaint contains allegations that support only a contract dispute between Plaintiff and Defendant.  Plaintiff's factual allegations state only that he and Defendant entered into a written agreement, Defendant failed to uphold his obligations under that agreement, the agreement was arbitrated, and an arbitration award was issued.  Plaintiff now seeks to enforce that arbitration award, but does not allege any facts demonstrating that Defendant's actions, either in his official or unofficial capacity, violated any of Plaintiff's civil rights under color of state law.  In short, none of Plaintiff's allegations demonstrate any basis for federal jurisdiction.  Even if all of his allegations are true, they lead to the conclusion that this is a state contract action over which this court has no jurisdiction.

Therefore, Defendant's motion to dismiss Plaintiff's complaint should be granted and, as a result, Plaintiff's motion for default judgment should be denied.  After reaching this conclusion, this court takes the opportunity to note that the jurisdictional issues raised in

Plaintiff's complaint in this case are not new to the court.  Plaintiff has previously filed

substantively identical complaints against both a county attorney and a state court judge.  Both of

those cases were dismissed for lack of subject matter jurisdiction.  *See Stevens v. Stringham*, No.

2:06-cv-00234-DB (D. Utah Mar. 30, 2006) (order dismissing case without prejudice for lack of

subject matter jurisdiction); *Stevens v. Poulson*, No. 2:06-cv-00238-PGC (D. Utah Mar. 22,

2006) (same).  Because this court has reached the same conclusion on three separate occasions in

response to the type of claims brought by Plaintiff in this case, he should effectively be on notice

that this court lacks subject matter jurisdiction over such claims.


## II.  Plaintiff's Motion to Strike Defendant's Answer and Counterclaim

Plaintiff bases this motion on multiple grounds, only one of which has any plausible

merit.  Plaintiff claims that Defendant's answer and counterclaim should be stricken because

Defendant's counsel's signature on that document indicated that he was representing the city of

Vernal, Utah, rather than Defendant.  However, after filing the answer and counterclaim,

Defendant's counsel promptly filed a notice of erratum and motion to correct this error.  As

indicated in the docket for this case, this court noted in response that "the errata suffice[d] as

notice of the error and correction."  Therefore, Plaintiff's motion to strike Defendant's answer

and counterclaim should be denied, and the district court should proceed on Defendant's

counterclaims.

Based on the foregoing, it is hereby RECOMMENDED that Defendant's motion to dismiss Plaintiff's complaint be GRANTED and that Plaintiff's motion for default judgment and motion to strike Defendant's answer and counterclaim be DENIED.  Copies of the foregoing Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  The parties must file any objection to the Report and Recommendation within ten days after receiving it.  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 31st day of May, 2006.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge