IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DALE STEVENS,<br><br>       Plaintiff,<br><br>vs.<br><br>CLARK A. McCLELLAN,<br><br>       Defendant. | |
| CLARK A. McCLELLAN<br><br>       Counterclaim Plaintiff,<br><br>vs.<br><br>DALE STEVENS; ORDER OF THE WHITE LIGHT, a Utah Corporation dba WESTERN ARBITRATION COUNCIL; WAMPANOAG NATION, TRIBE OF GRAYHEAD, WOLF BAND, an unincorporated association-in-fact; and JOHN DOES to be named later,<br><br>       Counterclaim Defendants. | AMENDED<br>REPORT AND RECOMMENDATION<br><br><br>Case No.  2:06-cv-00215-TC-PMW<br><br><br>Judge Tena Campbell<br><br>Magistrate Judge Paul M. Warner |

       This Amended Report and Recommendation replaces the Report and Recommendation previously entered by the court on September 1, 2006.[1]

---

      [1] Docket no. 33.

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(B). The court previously dismissed Plaintiff's complaint, but allowed Defendant's counterclaims to proceed.[2] Plaintiff then filed the motion before the court to dismiss Defendant's counterclaims.[3] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to local rule 7-1(f), the court has determined that oral argument would not be helpful or necessary and will consider the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

Plaintiff argues that Defendant's counterclaims against both Plaintiff and the Tribe of Grayhead, Wolf Band, in the Wampanoag Nation should be dismissed because Indian tribes and their officials are entitled to sovereign immunity from suit. This argument is without merit. Although it is true that federally recognized Indian tribes and their officials are generally immune from suit, *see Fletcher v. United States*, 116 F.3d 1315, 1324 (10th Cir. 1997); 25 C.F.R. § 83.12 (2006), Plaintiff has not demonstrated that the Tribe of Grayhead, Wolf Band, in the Wampanoag Nation is a federally recognized Indian Tribe. Accordingly, neither Plaintiff nor the Tribe of Grayhead, Wolf Band, in the Wampanoag Nation is entitled to the sovereign immunity from suit enjoyed by federally recognized Indian tribes and their officials.

Plaintiff also argues that two of the Counterclaim Defendants should be dismissed as parties to this case. Plaintiff asserts that the "owner" of the Western Arbitration Council is

---

[2] Docket nos. 21, 26.

[3] Docket no. 28.

deceased and, therefore, it should be dismissed from this case.  Plaintiff also claims that the Order of the White Light has no relationship with the Tribe of Grayhead, Wolf Band, in the Wampanoag Nation and, as a result, it also should be dismissed from this case.  Not only has Plaintiff failed to present the court with any evidence to support these bald assertions, he has also failed to provide the court with any reasoned analysis to support his conclusions that both parties should be dismissed.  Accordingly, neither the Western Arbitration Council nor the Order of the White Light should be dismissed as parties to this case.

Finally, Plaintiff makes the unsupported assertion that Defendant's counterclaims are frivolous.  The court has reviewed Defendant's counterclaims and determined that they are not frivolous.

For these reasons, it is hereby RECOMMENDED that Plaintiff's motion to dismiss[4] be DENIED.  Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  The parties must file any objection to this Report and Recommendation within ten days after receiving it.  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 5th day of September, 2006.

BY THE COURT:

*[signature]*

PAUL M. WARNER
United States Magistrate Judge

---

[4] Docket no. 28.