IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DALE STEVENS,<br><br><br>Plaintiff,<br><br>vs.<br><br>CLARK A. McCELLEN,<br><br><br>Defendant. | ORDER ADOPTING REPORT AND<br>RECOMMENDATION<br><br><br><br><br>Civil No. 2:06 CV 215 |
| CLARK A. McCELLEN,<br><br><br>Counterclaim Plaintiff,<br><br>vs.<br><br>DALE STEVENS; ORDER OF THE WHITE<br>LIGHT, a Utah Corporation dba WESTERN<br>ARBITRATION COUNCIL;<br>WAMPANOAG NATION, TRIBE OF<br>GRAYHEAD, WOLF BAND, an<br>unincorporated association-in-fact; and JOHN<br>DOES to be named later,<br><br><br>Counterclaim Defendants. | |

Plaintiff Dale Stevens filed this action on March 14, 2006.  Defendant Clark A.

McCellen[1] promptly filed a counterclaim and moved to dismiss Mr. Stevens's claims.  On March

---

[1]On the official court docket, the Defendant's last name is spelled "McCellen."  But when
filing papers with the court, the parties have used the spelling "McClellan."  In this order, the

24, 2006, the court referred this case to United States Magistrate Judge Paul M. Warner under 28 U.S.C. § 636(b)(1)(B).

After reviewing all relevant material, Judge Warner recommended that the court dismiss Mr. Stevens's claims for lack of jurisdiction, but allow Mr. McCellen's counterclaim to go forward. The court adopted that recommendation in an order dated June 19, 2006. Mr. Stevens then filed a motion to dismiss Mr. McCellen's counterclaim.

On September 5, 2006, Judge Warner issued a Report and Recommendation on Mr. Stevens's motion to dismiss, recommending that the court deny Mr. Steven's motion.[2] Mr. Stevens failed to file an objection to Judge Warner's Report and Recommendation within the established time limit.

The court has considered Judge Warner's recommendation and has reviewed the record de novo. Judge Warner concluded that Mr. Stevens and the Wampanoag Nation are not entitled to sovereign immunity. The court agrees. Mr. Stevens has not provided any information that indicates that the Wampanoag Nation is federally recognized Indian tribe and, therefore, neither Mr. Stevens nor the Wampanoag Nation can rely on the doctrine of sovereign immunity to avoid this suit.

Further, the court agrees with Judge Warner's conclusion that Mr. Stevens failed to submit sufficient evidence or argument in support of his position that Order of the White Light and the Western Arbitration Council should be dismissed as defendants. Finally, a review of Mr. McCellen's counterclaim belies Mr. Stevens's suggestion that the counterclaim is frivolous.

Accordingly, the court hereby adopts the United States Magistrate Judge's Report and

_____

court uses the spelling that appears on the docket.

[2]The report and recommendation issued on September 5, 2006, amended and replaced a previous report and recommendation that had been filed on September 1, 2006.

Recommendation as the order of the court.  Therefore, Mr. Stevens's Motion to Dismiss

Counterclaim (dkt. # 28) is DENIED and the Amended Report and Recommendation (dkt. #34)

is adopted as the order of the court.

SO ORDERED  this 20th day of September, 2006.

BY THE COURT:

TENA CAMPBELL
United States District Judge