IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DALE STEVENS,<br><br>Plaintiff,<br><br>vs.<br><br>CLARK A. McCELLEN,<br><br>Defendant. | ORDER AND MEMORANDUM DECISION<br><br>Civil No. 2:06 CV 215 |
| CLARK A. McCELLEN,<br><br>Counterclaim Plaintiff,<br><br>vs.<br><br>DALE STEVENS; ORDER OF THE WHITE LIGHT, a Utah Corporation dba WESTERN ARBITRATION COUNCIL; WAMPANOAG NATION, TRIBE OF GRAYHEAD, WOLF BAND, an unincorporated association-in-fact; and JOHN DOES to be named later,<br><br>Counterclaim Defendants. | |

Plaintiff Dale Stevens filed this action on March 14, 2006.  Defendant Clark A. McCellen[1] promptly filed a counterclaim and moved to dismiss Mr. Stevens's claims.  On March

---

[1] On the official court docket, the Defendant's last name is spelled "McCellen."  But when filing papers with the court, the parties have used the spelling "McClellan."  In this order, the court uses the spelling that appears on the docket.

24, 2006, the court referred this case to United States Magistrate Judge Paul M. Warner under 28 U.S.C. § 636(b)(1)(B).

After reviewing all relevant material, Judge Warner recommended that the court dismiss Mr. Stevens's claims for lack of jurisdiction, but allow Mr. McCellen's counterclaim to go forward. The court adopted that recommendation in an order dated June 19, 2006. Mr. Stevens then filed a motion to dismiss Mr. McCellen's counterclaim. Judge Warner considered the motion and recommended that the motion be denied. The court adopted that recommendation in an order dated September 20, 2006.

Citing Federal Rule of Civil Procedure 60(b), Mr. Stevens has now filed a motion titled "Motion to Vacate Void Judgment and Demand for a Judgment by Default," (See dkt. #36.) In his motion, Mr. Stevens argues that he was not given ample notice of an erratum filed in connection with Defendants' Answer. Mr. Stevens also requests an order essentially granting the relief that Mr. Stevens sought by way of his initial complaint.

The effect of the erratum filed by Defendants has already been addressed by the court in the Order dated June 19, 2006. (See dkt. #26.) Additionally, the court has already concluded that it lacks jurisdiction over the claims pled in Mr. Steven's complaint. As already stated by the court, "[e]ven if all of Plaintiff's allegations are true, this is a state contract action over which this court has no jurisdiction." (Order Adopting Report and Recommendation 1 (dkt. #26).)

Rule 60(b) of the Federal Rules of Civil Procedure enumerates several grounds justifying relief from a judgment or order. See Fed. R. Civ. P. 60(b). In his motion and supporting affidavit, Mr. Stevens does not indicate which provision of rule 60(b) he feels justifies relief from the orders of this court. After reviewing Mr. Steven's arguments, the court concludes that the only rule 60(b) grounds for relief that could be logically applied to Mr. Steven's motion are

"mistake," or "any other reason justifying relief from the operation of the judgment."[2]  See id.  But Mr. Steven's motion does not persuasively argue that relief is warranted on either of those grounds.  His motion simply raises issues and arguments already considered and decided by the court.

"Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances."  Bud Brooks Trucking, Inc. v. Bill Hodges Trucking, Co., 909 F.2d 1437, 1440 (10th Cir. 1990).  Such circumstances are not present here.  Mr. Stevens has not offered any argument that undermines the court's earlier conclusions.  In fact, all of the arguments presented in Mr. Steven's present motion have already been brought to the court's attention and the court has consistently rejected those arguments.  Accordingly, Mr. Stevens's Notice to Vacate a Void Judgment and Demand for a Judgment by Default (dkt. #36) is DENIED.

SO ORDERED  this 5th day of December, 2006.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge

---

[2]Mr. Stevens has not alleged inadvertence, surprise, or excusable neglect.  Neither has he identified any newly discovered evidence that could not be located within ten days from the entry of judgment.  Further, Mr. Stevens has raised no allegations of fraud or meaningfully alleged that the judgment is void, has already been satisfied, or is otherwise moot.