**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **DALE STEVENS,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| **v.** | |
| **CLARK A. McCLELLAN,** | **Case No. 2:06-cv-00215-TC-PMW** |
| **Defendant.** | |
| **CLARK A. McCLELLAN,** | |
| **Counterclaim Plaintiff,** | |
| **v.** | **Chief District Judge Tena Campbell** |
| **DALE STEVENS, et al.,** | |
| **Counterclaim Defendants.** | **Magistrate Judge Paul M. Warner** |

  This case was referred to Magistrate Judge Paul M. Warner by Chief District Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court is Dale Stevens's ("Plaintiff") motion to dismiss Clark A. McClellan's ("Defendant") counterclaim.[2]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has

---

[1] *See* docket nos. 4, 5, 32.

[2] *See* docket no. 41.

concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

## **<u>BACKGROUND</u>**

As a preliminary matter, the court notes that Plaintiff is proceeding pro se in this case. Accordingly, the court will construe his pleadings liberally.  *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

The court previously granted Defendant's motion to dismiss Plaintiff's complaint but allowed Defendant's counterclaim to proceed.[3]  On July 14, 2006, Plaintiff filed a motion to dismiss Defendant's counterclaim,[4] which the court denied.[5]  On November 22, 2006, Plaintiff filed a motion to "Vacate a Void Judgement" and a motion for default judgment,[6] both of which the court denied.[7]

On May 18, 2007, Defendant filed with the court a "Notice of Motion to Consolidate."[8] In that notice, Defendant indicated that he had filed a motion to consolidate in another case pending in this court.  *See Burbank v. United States District Court of Utah, et al.*, 2:04-cv-742-

---

[3]  *See* docket nos. 21, 26.

[4]  *See* docket no. 28.

[5]  *See* docket nos. 34, 35.

[6]  *See* docket no. 36.

[7]  *See* docket no. 38.

[8]  *See* docket no. 39.

SPF (D. Utah) (filed August 11, 2004).[9]  In that motion, Defendant is seeking to consolidate this case with *Burbank* because the cases involve common parties and deal with common questions of law and fact.[10]  That motion to consolidate is still pending in *Burbank*.

On May 31, 2007, apparently in response to the motion to consolidate filed in *Burbank* and Defendant's notice of that motion filed in this case, Plaintiff filed a document entitled, "Affidavit in Oppashation [sic] to Consolidate and Demand to Dismiss the Counterclaim."  The court has construed this document to be both an opposition to Defendant's motion to consolidate filed in *Burbank*, as well as a motion to dismiss Defendant's counterclaim in this case.

Before reaching the individual arguments presented in that document, the court notes that the document as whole is rife with misspellings and grammatical errors, which often make Plaintiff's arguments difficult to decipher.  Even when those errors are put aside, however, the arguments presented are of questionable relevance and merit.

---

[9]  Although *Burbank* was filed in this court, the complaint named "All Judges" of the United States District Court for the District of Utah as defendants.  Accordingly, each District Judge from the District of Utah to whom the case was assigned recused himself or herself from presiding over the case.  The case was then assigned to District Judge John E. Conway of the United States District Court for the District of New Mexico.  *See Burbank*, 2:04-cv-742-SPF at docket no. 4.  Judge Conway then referred the case to Magistrate Judge Richard L. Puglisi of the District of New Mexico pursuant to 28 U.S.C. § 636(b)(1)(A).  *See id*. at docket no. 26.  In November 2007, both Judge Conway and Magistrate Judge Puglisi recused themselves from presiding over the case, *see id*. at docket nos. 194, 195, and the case was reassigned to District Judge Stephen P. Friot of the United States District Court for the Western District of Oklahoma.  *See id*. at docket no. 194.

[10]  *See Burbank*, 2:04-cv-742-SPF at docket nos. 170, 171.

Plaintiff's sole argument in opposition to Defendant's motion to consolidate in *Burbank* is a conclusory claim that "the only thing that is the same" in *Burbank* and this case "is [t]he false, erroneous[] allegations of the counterclaim."

Plaintiff goes on to argue that the "counterclaim is phony as a three dollar bill." Plaintiff makes the conclusory claim that Defendant's counterclaim must be dismissed because Defendant has failed to "go for word" (i.e., go forward) with his counterclaim. However, Plaintiff provides no legal or factual support for that claim.

Plaintiff then asserts that if Defendant's counsel does not produce "legal evidence (not the opinion of an attorney) on each and every [a]llegation in the counterclaim" within five days of the date of Plaintiff's motion to dismiss, "then it is stipulated between the parties [t]hat the counterclaim is a false claim, there is no evidence, [and the] only reason [Defendant's counsel] filed [t]he counterclaim is to prove he could lie and get away with it." Plaintiff also claims that his "affidavit will become fact and law in thirty days if not proven [w]rong." Plaintiff has provided no legal or factual support for these arguments. Further, it does not appear that Defendant entered into the stipulation referenced by Plaintiff.

Plaintiff makes reference to "a binding private contract" he believes he has with both Chief Judge Campbell and this court (Magistrate Judge Warner). Under that alleged contract, Plaintiff asserts that Chief Judge Campbell and this court must "protect and defend all [his] God[-]given constitutionally declared rights."

Plaintiff asserts that he is "a follower of the way" and that "Jesus is [his] only King and Almight God [his] only Sovereign." Plaintiff maintains that he is "allegiant and loyal to God[']s

4

Law and the Commands of King Jesus and adhere[s] to man[']s law whenever there is no conflict." In support of these claims, Plaintiff cites to various portions of the Bible.

Plaintiff also claims he has "the status of an international Severing [sic] by the Treaty of de La Have de 5 October 1961." Although it is difficult to tell with certainty, it appears that Plaintiff is claiming to have sovereign immunity from suit based on some sort of international treaty.

In closing, Plaintiff demands that his motion be granted and states that he will file a "mandamus" if the court does not dismiss this case.

In addition to the above-referenced document, Plaintiff filed a "Notice of Failer [sic] to Respond With Any Response" on June 13, 2007.[11] The notice appears to have been filed in response to Defendant's counsel's apparent failure to satisfy Plaintiff's demand to produce "legal evidence (not the opinion of an attorney) on each and every [a]llegation in the counterclaim" within five days of the date of Plaintiff's motion to dismiss. Plaintiff reiterates his belief that when no member of Defendant's counsel's law firm answered that demand, the parties somehow stipulated that "there is no evidence" in support of the counterclaim and that the counterclaim "is and was [f]raud on the [c]ourt." As previously noted, however, it does not appear that Defendant entered into such a stipulation; indeed, there is no evidence to support such a claim. Plaintiff further asserts that each and every member of Defendant's counsel's law firm must be prosecuted

---

[11] *See* docket no. 42.

for fraud and that if they are not, "the Judge will be guilty of miss prisms [sic[12]] and three other

felonies."  Plaintiff also includes a reminder to Chief Judge Campbell and this court that they

"are under contract" and that they should not violate that contract.

On June 22, 2007, Plaintiff filed an "Affidavit to Vacate a Void Judgment and Demand

the Court Obay [sic] Public Law."[13]  Plaintiff again claims that Defendant's counsel has engaged

in "fraud on the [c]ourt."  Plaintiff inquires whether "the [c]ourt is in love with [Defendant's

counsel]" and wonders if that is "why the [c]ourt [l]ets him make all the false statements and [a]

false counterclaim and lets him get away [w]ith [i]t."  Plaintiff also asks, "[I]s this a court of law

or a kangaroo [c]ourt[?]"  Plaintiff again reiterates his belief that the parties have somehow

stipulated to dismissal of the counterclaim.  Plaintiff also makes the unsupported claim that Chief

"Judge Tena Campbell lost jurisdiction of this case when [she] ruled that the State had

jurisdiction" over the "tribe" at issue in this case.  However, Plaintiff does not provide any

citation to that alleged ruling.

## <u>ANALYSIS</u>

### I.  Opposition to Motion to Consolidate in *Burbank*

Because Defendant's motion to consolidate was filed in *Burbank* and not in this case, it

was procedurally incorrect for Plaintiff to file his opposition to that motion in this case.  That

---

[12]  Although it is not entirely clear, Plaintiff appears to be referring to a misprision of
felony.  *See* 18 U.S.C. § 4.

[13]  *See* docket no. 44.

6

motion is not pending in this case, and accordingly, Plaintiff's arguments in opposition to that motion are not relevant to any determination or ruling to be made in this case.

The court recognizes that Plaintiff is proceeding pro se in this case. However, Plaintiff's status as a pro se litigant does not excuse him from complying with basic rules of procedure that govern all other litigants. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("[*P*]*ro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

Accordingly, Plaintiff is notified that his opposition to Defendant's motion to consolidate in *Burbank* will not be considered in this case and that said opposition should be filed in *Burbank*.

## II.  Motion to Dismiss

As he did in his first motion to dismiss Defendant's counterclaim, Plaintiff argues, in essence, that Defendant's counterclaim is frivolous and has no basis in law or fact. This court has already considered and rejected that argument.[14]  Indeed, this court specifically stated that "a review of [Defendant]'s counterclaim belies [Plaintiff]'s suggestion that the counterclaim is

---

[14]  *See* docket nos. 34, 35.

7

frivolous."[15]  Since that ruling, nothing has changed to warrant dismissal of Defendant's counterclaim.  Accordingly, this court should again reject Defendant's frivolousness argument.

Plaintiff also claims that Defendant has failed to move forward with his counterclaim. This claim is without merit.  As previously noted, Defendant has filed in *Burbank* a motion to consolidate this case with *Burbank*.  That motion demonstrates that Defendant is indeed attempting to move forward with his counterclaim but must wait for a ruling on the motion to consolidate before doing so.

Plaintiff's assertion that the parties have somehow stipulated to dismissal of Defendant's counterclaim is likewise without merit.  Plaintiff has provided no factual support for that claim, and it does not appear that Defendant would or did enter into such a stipulation.

The court has considered Plaintiff's remaining arguments and concluded that they have no merit.  Those arguments fit into one or several of the following categories:  (1) arguments that lack legal or factual support, (2) arguments that are not relevant to whether Defendant's counterclaim should be dismissed, and (3) arguments that are inappropriate and disrespectful to the court and Defendant's counsel.

## CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED:**

1.     Plaintiff be notified that his opposition to Defendant's motion to consolidate in *Burbank* will not be considered by this court and that said opposition should be filed in *Burbank*.

---

[15]  *See* docket no. 35.

2.      Plaintiff's motion to dismiss Defendant's counterclaim[16] be **DENIED**.

* * * * *

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within ten (10) days after receiving it. Failure to object may constitute waiver of objections upon subsequent review.

DATED this 19th day of November, 2007.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[16] *See* docket no. 41.

9