IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DALE STEVENS,<br><br>            Plaintiff,<br><br>v.<br><br>CLARK A. McCLELLAN,<br><br>            Defendant. | REPORT AND RECOMMENDATION<br><br><br>Case No. 2:06-cv-215-TC-PMW |
| CLARK A. McCLELLAN,<br><br>            Counterclaim Plaintiff,<br><br>v.<br><br>DALE STEVENS; ORDER OF THE WHITE LIGHT, a Utah corporation, dba WESTERN ARBITRATION COUNCIL; WAMPANOAG NATION, TRIBE OF GRAYHEAD, WOLF BAND, an unincorporated association-in-fact; and JOHN DOES, to be named later,<br><br>            Counterclaim Defendants. | <br><br><br><br><br><br><br><br>Chief District Judge Tena Campbell<br><br>Magistrate Judge Paul M. Warner |

Before the court is Clark A. McClellan's ("Defendant") motion for attorney fees.[1] That

motion has been referred to Magistrate Judge Paul M. Warner by Chief District Judge Tena

---

[1] *See* docket no. 69.

Campbell pursuant to 28 U.S.C. § 636(b)(1)(B).[2]  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written submissions.  *See* DUCivR 7-1(f).

Because the specific matter before the court is Defendant's motion for attorney fees, which is considered to be a dispositive motion, this court cannot enter a final ruling.  *See Ins. Co. of N. Am. v. Bath*, No. 90-8083, 1992 U.S. App. LEXIS 13504, at *4 (10th Cir. May 27, 1992) (unpublished) ("A motion for attorney's fees, even if post-judgment, should be considered a dispositive motion triggering the procedure and standard of review found at 28 U.S.C. § 636(b)(1)."); *Colorado Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co.*, 879 F.2d 809, 811 (10th Cir. 1989); *see also* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b).  Instead, the court enters this report and recommendation for the district court's consideration.

### RELEVANT BACKGROUND

As a preliminary matter, the court notes that Plaintiff Dale Stevens is proceeding pro se in this case.  Accordingly, the court construes his pleadings and other submissions liberally.  *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

On October 17, 2008, this court entered a Report and Recommendation (the "R&R") on several pending motions.[3]  In the relevant portion of the R&R, this court recommended that

---

[2] *See* docket no. 71.

[3] *See* docket no. 65.

Defendant's motion for summary judgment on his counterclaims be granted.[4]  This court also recommended that judgment be entered in Defendant's favor in a particular form, consistent with the judgment entered in a related case.[5]  *See Burbank v. United States Dist. Court of Utah*, 2:04-cv-742-SPF, docket no. 290 (D. Utah May 12, 2008).  Finally, this court recommended that Defendant be awarded his attorney fees and costs and that the following parties be held jointly and severally liable for that award:  Dale Stevens; the Order of the White Light dba Western Arbitration Council; and the Wampanoag Nation, Tribe of Grayhead, Wolf Band (collectively, "Counterclaim Defendants").[6]

At the conclusion of the R&R, the parties were notified of their right to object.[7]  *See* 28 U.S.C. § 636(b)(1)(C).  The parties were also notified that they were required to file any objection to the R&R within ten (10) days after receiving it, *see id*., and that any failure to object may constitute waiver of objections upon subsequent review.[8]  No objections were filed by any party within the allowed period of time.

On November 20, 2008, Chief Judge Campbell entered an order adopting the R&R as the order of the court.[9]  The same day, a judgment was entered in Defendant's favor against

---

[4] *See id*. at 12–18.

[5] *See id*. at 17.

[6] *See id*. at 18.

[7] *See id*.

[8] *See id*. at 18–19.

[9] *See* docket no. 66.

Counterclaim Defendants in the form recommended by this court.[10]  In relevant part, that judgment provides:  "Defendant shall recover reasonable attorney fees and costs from the Counterclaim Defendants, the amount of which to be determined by the court based upon an appropriate motion filed by Defendant.  The Counterclaim [D]efendants shall be jointly and severally liable for attorney fees and costs awarded."[11]

On December 1, 2008, long after the allowable period for objecting to the R&R had expired, Dale Stevens filed a document entitled, "Notice to Vacate a Void Judgement [sic] Because It Dubble [sic] Jeopardy."[12]  In that document, he asserts that the court's judgment in this case "is in violation of Article V of the [B]ill of [R]ights" because of the judgment entered in *Burbank*.[13]  *See Burbank*, 2:04-cv-742-SPF, at docket no. 290.  Construing that document liberally, it appears that he believes that the judgment in this case violates the Double Jeopardy Clause of the Fifth Amendment.[14]  *See* U.S. Const. amend. V.

---

[10]  *See* docket no. 67.

[11]  *Id*. at 2.

[12]  Docket no. 68.

[13]  *Id*.

[14]  Notwithstanding the fact that this belief is irrelevant to the motion now before the court, the court notes that it is incorrect.  The Double Jeopardy Clause applies in the criminal context, not to a purely civil proceeding like this case.  *See, e.g.*, *Breed v. Jones*, 421 U.S. 519, 528 (1975) ("In the constitutional sense, jeopardy describes the risk that is traditionally associated with a criminal prosecution. . . .  [W]e have held that the risk to which the [Double Jeopardy] Clause refers is not present in proceedings that are not 'essentially criminal.'" (quoting *Helvering v. Mitchell*, 303 U.S. 391, 398 (1938))).

On December 24, 2008, consistent with the court's judgment, Defendant filed his motion for attorney fees.[15]  In addition, Defendant's counsel filed an accompanying declaration detailing the attorney fees expended in prosecuting Defendant's counterclaims.[16]  No response to the motion has been filed, and the time for doing so expired several weeks ago.  *See* DUCivR 7-1(b)(4)(B); *see also* Fed. R. Civ. P. 6(a), (d).

## RECOMMENDATION

In his motion, Defendant seeks an attorney fee award of $7314.50.  The court has carefully reviewed the motion, as well as the accompanying declaration of Defendant's counsel.  Based upon that review, the court has determined that the number of hours expended and the hourly rates associated with those hours are reasonable.  In addition, Defendant's counsel has demonstrated in his declaration that the requested attorney fees represent only those expended in prosecuting Defendant's counterclaims, in accordance with *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1256–60 (10th Cir. 2005).

For these reasons, and because the motion is unopposed, **IT IS HEREBY RECOMMENDED**:

1. Defendant's motion for attorney fees[17] be **GRANTED**.

2. Defendant be awarded attorney fees in the amount of **$7314.50**.

---

[15] *See* docket no. 69

[16] *See* docket no. 70.

[17] *See* docket no. 69.

3. Counterclaim Defendants (Dale Stevens; the Order of the White Light dba Western Arbitration Council; and the Wampanoag Nation, Tribe of Grayhead, Wolf Band) be held jointly and severally liable for that award, consistent with the judgment previously entered in this case.

* * * * *

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1)(C).  The parties must file any objection to this Report and Recommendation within ten (10) days after receiving it.  *See id*.  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 6th day of February, 2009.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge